**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**DEMARIUS LASHAUN BASKIN**                                              **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 3:23-cv-00482-HTW-LGI**

**LEVI STRAUSS & CO.**                                              **DEFENDANT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court *sua sponte* as a Motion to Dismiss Plaintiff's Complaint [1]. After consideration of the record and relevant legal authority, the undersigned recommends that this civil action be dismissed without prejudice.

## I.    BACKGROUND

On July 25, 2023, *pro se* Plaintiff filed a Complaint [1] against Levi Strauss & Co. and paid the filing fee in this matter. Upon review of the case docket, the Court found that Plaintiff had taken no further action in this case after filing the Complaint. On May 1, 2026, the Court noted that summons had neither been requested nor issued, and it entered an Order Directing Clerk to Mail Summons Forms to Plaintiff. *See* Doc. No. [2]. In its Order [2], the Court "advised that it is [Plaintiff's] responsibility to prosecute this case and that the case cannot proceed until defendant(s) have been served with process." *Id*. Plaintiff was warned that his failure to properly serve each Defendant may result in dismissal of his Complaint. *Id*. A copy of the Order [2], Federal Rule of Civil Procedure 4, General Instructions for Service of Process, and Summons forms were mailed to Plaintiff's physical address, as provided on the case docket. On May 15, 2026, the Order [2] was returned as "undeliverable", and on May 19, 2026, the Clerk's mail – containing Rule 4, the General Instructions, and Summons forms – was also returned to the Court

as "undeliverable". *See* Doc. Nos. [3] and [4].

    **II.**    <u>**ANALYSIS**</u>

    The Court has the authority to dismiss an action for a plaintiff's failure to prosecute or follow a court order under Federal Rule of Civil Procedure 41(b) and its inherent authority to control its cases. Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). The Court need not wait for a party to raise this issue but may dismiss an action *sua sponte* to "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. This inherent authority arises from the Court's need to "manage their own affairs as to achieve the orderly and expeditious disposition of cases." *Id*. Dismissal for failure to prosecute "operates as an adjudication upon the merits," Fed. R. Civ. P. 41(b), and is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30.

    As noted in the Court's previous Order, "the docket reflects that Plaintiff has not communicated with the Court since filing this lawsuit. It may be that Plaintiff has lost interest in pursuing this claim or has reached an alternative resolution." Doc. [2] at 2. To date, Plaintiff has not notified this Court of his intentions regarding this lawsuit. This Court warned that it may dismiss this action without prejudice for failure to prosecute. *Id*.

    Further, the Court's recent attempts to contact Plaintiff resulted in returned mail, labeled "undeliverable". *See* Doc. Nos. [3] and [4]. In its previous Order, this Court noted Plaintiff's *pro se* status and advised him that he must keep the Court apprised of his current address, as "failure to do so may result in dismissal of this case without prejudice without further notice to Plaintiff." Doc. [2] at 2. No further action has been taken in this case.

The undersigned therefore recommends dismissal of this case without prejudice, under Rule 41(b) for failure to prosecute and for failure to obey a Court order. Further, the undersigned also recommends dismissal, for the Plaintiff's failure to keep the Court apprised of his current address.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's Complaint [1] be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party may serve and file written objections within fourteen (14) days after being served a copy of this recommendation, with a copy to the District Judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected, , except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SO ORDERED** this the 29th day of May, 2026.

 /s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE